# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LARKEYIA GREEN, )
       )
       Plaintiff, )
       )
v. )     Case No.   CV412-119
       )
CAROLYN W. COLVIN,[1] )
Commissioner, Social Security )
Administration, )
       )
       Defendant. )
       )

## REPORT AND RECOMMENDATION

Larkeyia Green appeals the Social Security Commissioner's denial of her application for Supplemental Security Income (SSI). Doc. 1. An ALJ determined that, despite her pancreatitus, nausea, and other medical issues, she is not disabled because her disabling conditions are of insufficient duration[2] and she is capable of performing past relevant

---

[1] The Court has amended the caption to reflect that Carolyn W. Colvin is the Acting Commissioner of Social Security. The Clerk shall so amend the docket caption, and all subsequent filings shall conform.

[2] It has been Green's burden to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period *of not less than 12 months. . . .*" 42 U.S.C. § 423(d)(1)(A) (emphasis added). Her physical or mental impairment must be so severe

work.   Doc. 12-2 at 17-18.[3]  That decision was administratively affirmed, doc. 12-2 at 2-4, before Green sought judicial review here. Doc. 1.  For the reasons set forth below, the Commissioner's decision denying benefits should be **AFFIRMED**.

## I.  BACKGROUND

Green was 34 when she applied for benefits on November 26, 2007, claiming that her disability commenced on August 20, 2007. Doc. 12-2 at 11; doc. 12-11 at 7.  From 2003-2007 she was employed as a nursing home cook and dishwasher, and also worked in retail sales. Doc. 12-11 at 9-10.  Before that she was a cashier, *id.* at 10, and an inventory clerk.  Doc. 12-2 at 32.  She may have also worked *after* her claimed disability onset -- "some pick-up jobs such as braiding hair and doing some house-cleaning."  Doc. 12-2 at 13.  Still, the ALJ found that evidence inconclusive, so he concluded *"for the purposes of this decision only,"* that she had not "engaged in substantial gainful activity

that she is not only unable to do her previous work, "but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).

[3]  All documents referenced here have been "E-filed."  The Court is thus using the electronic pagination placed on the top of each page by the Court's CM/ECF software.

from November 26, 2007, the date of her application, through the date of this decision." *Id.* (emphasis original).

Green insisted to the ALJ that "she is disabled by diabetes and pancreatitis." Doc. 12-2 at 14; *see also* doc. 12-11 at 10. He reviewed her evidence of a 2005 laprascopic cholecystectomy (gall bladder removal) and "chronic pancreatitis in the setting of diabetes mellititus and gastrosophageal reflux disease." Doc. 12-2 at 14. He noted that she was also hospitalized in 2006 first for abdominal pain, then later for "uncontrolled diabetes mellitus. Multiple abdominal studies verified chronic calcification of the pancreas but no significant end organ damage." *Id.* She suffered some other, short-term maladies, too. *Id.* And, she was in a December 2007 motor vehicle accident resulting in no lasting disability. *Id.*

The ALJ also considered other 2007 medical events and subsequent medical history, including a 2009 consultative evaluation by Dr. Sidney Morgan. There she reported the "braiding" and "pick-up" jobs noted *supra*. *Id.* at 14-15. Morgan also questioned Green about her exercise. The ALJ recapitulated Morgan's clinical summary:

3

[S]he stated that she tries to exercise every day. She swims or walks usually a mile or so a day. She checks her blood sugar 3 times a day, fasting in the morning, [and it] is usually in the upper 200s, around 120 in the evening before supper, and around 160 before bedtime. She does not vary her insulin dosage. She is on no particular diet but tries to avoid greasy foods. She has had no diabetic complications that she is aware of except she has "sluggish stomach and bowels." She has no symptoms of neuropathy or problems with her eyes. When questioned as to what would be the limiting factor in her being able to be employed, she stated it is a fact that, when she does get sick in her pancreas, she is out of work for a while. When she is doing well, however, she has no problem being able to work. Physical examination was completely within normal limits except for advanced dental decay of the remaining 4 teeth. The claimant denied any physical complaints or discomforts.

Doc. 12-2 at 15. Finally, in 2009 Green was hospitalized for a "flare-up of her pancreatitis" but she produced no evidence on that score, so the ALJ did not consider that event. *Id.*

## II. STANDARD OF REVIEW

Affirmance of the ALJ's decision is mandatory if his conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395

F.3d 1206, 1210 (11th Cir. 2005) (quotes and cites omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotes omitted); *Lee v. v. Comm'r, Soc. Sec.*, 2014 WL 53040 at * 1 (11th Cir. Jan. 8, 2014). And if substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

In that regard, the Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991). Nor may it "reweigh the evidence or make new factual findings." *Brown v. Commissioner of Soc. Sec.*, 459 F. App'x 845, 846 n. 1 (11th Cir. 2012) (citing *Dyer*, 395 F.3d at 1210).

The burden of proving disability lies with the claimant. 20 CFR § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether she has met her burden, the Court looks to the five-step evaluation process set forth in the Social Security Regulations. 20 CFR § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one,

the claimant must prove that she has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, she must demonstrate a severe impairment or combination of impairments. *Id.*

Then, at step three, if the claimant's impairment meets or equals a listed impairment, she is automatically found disabled. *Id.* If not, she must advance to step four, which requires her to prove an inability to perform past relevant work. *Id.* If she has never worked, or cannot perform past relevant work, stage five shifts the burden to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.*

## III. ANALYSIS

### A. The ALJ's Determination

Green's contentions are best understood by first reviewing the ALJ's five-step analysis. He found that, *"for the purposes of this decision only,"* she had not "engaged in substantial gainful activity from November 26, 2007, the date of her application, through the date of this decision." Doc. 12-2 at 13. Hence, she prevailed on step one. But on steps two and three (demonstrate a severe impairment or

combination of impairments meets or equals a listed impairment), he found that she does *not* have an impairment or combination of same that meets or medically exceeds one of the listed impairments. Doc. 12-2 at 15.

That brings Green to step four, requiring that she prove an inability to perform past relevant work. He found that Green: (a) "has the residual functional capacity (RFC) to perform the full range of medium work," *id.* at 15; and (b) "is capable of performing past relevant work. This work does not require the performance of work related activities precluded by [Green's] residual functional capacity (20 CFR 416.965)." Doc. 12-2 at at 17.

Finally -- and this part is now legal excess if the Court upholds the ALJ on the prior four steps -- the ALJ reasoned that even if she could not perform her past relevant work, a Vocational Expert (VE) opined (and the ALJ accepted) that she in fact could perform the full range of medium work such as "short order cook," plus semi-skilled, light exertion jobs like a small-products assembler, telephone information clerk, along with unskilled, sedentary work jobs. Doc. 12-2 at 18. The record evidence, the ALJ further concluded, supported the hypothetical

that he presented to the VE. *Id.* Based on that evidence, the ALJ found Green has not been under a disability since the date that she filed her SSI application. *Id.*

## B. Green's Claims

Green's argument is best summarized by the conclusion section of her brief:

> The plaintiff, a single parent, moved to Georgia along with her only child for a better life. The child has grown up but the plaintiff cannot escape the consequences of her past. She is a pleasant person, gets jobs, tries to work and then becomes ill. There is no cure. The principal impairment, alcoholic pancreatitis, is exceedingly painful. The plaintiff cannot engage in substantial gainful employment and remand is proper.

Doc. 17 at 13.

Green highlights facts about a tough life (teen pregnancy, started drinking at 14), doc. 17 at 2, but the issue here is capability/disability within the meaning of an insurance program, not sympathy considered within a charitable program. On that point she insists that her "problem is not getting jobs, it is keeping them." *Id.* Green "always gets sick." *Id.* And she "can sleep only three or four hours a night." *Id.* at 3. "She has been an amenorrheic [(suffers abnormal menstruation)] since 2005." *Id.*

Green also retraces her hospitalizations, weight gain/loss issues, nausea, and various other maladies addressed by medications like Reglan, Hydrocodone, and morphine. *Id.* at 4-5. She reminds that if she sits for more than an hour she "gets crampy." *Id.* at 6. And during the day she gets light-headed and depressed, so she must lie down. *Id.* Nausea plagues her at work. *Id.* Plus she must "defecate three or four times a shift." "On an average, she must be absent from work for about a quarter of an hour." *Id.* And "[s]ometimes she is in the bathroom for a half hour." *Id.* Green testified to these matters during two hearings before the ALJ.

Against those factual assertions Green contends that on step two the ALJ simply reached an unsupported conclusion. Doc. 17 at 8. That is, he failed to consider her impairments in combination.[4] *Id.* at 8-9. However, the ALJ recognized, when he determined Green's RFC,

---

[4] As has been explained:

> Where a claimant has alleged several impairments, the Commissioner has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). This requirement is met if the ALJ states that the claimant "did not have an impairment or combination of impairments " that would amount to a disability. *Id.* at 1224–25 (emphasis in original).

*Hamby v. Social Sec. Admin., Com'r*, 480 F. App'x 548, 550 (11th Cir. 2012).

that he must consider all of her impairments, including those that he did not consider "severe." Doc. 12-2 at 11. He was free to consider, and give dispositive weight to, for example, Dr. Morgan's 2009 evaluation, which included Green's "pick-up work" admission and the fact that "[w]hen she is doing well . . . she has no problem being able to work." *Id.* at 15.

It is true that Green is not always "doing well." But it is also true that her disabling conditions must last more than 12 months, *see supra* n. 2, and there must be no jobs in the national economy that can accommodate her deficits. Green's remaining objections ride the same track. It is not enough to enumerate maladies and then insist that they "simply *must*" add up to disability. As long as there is more than a mere scintilla of evidence to support him, *Dyer,* 395 F.3d at1210, the Court must uphold what the ALJ is authorized to conclude: that Green -- like so many others -- has medical problems but is still able to function within the lower-job-skill tier. Here, there is enough evidence of that.

For good measure, the ALJ consulted a VE, doc. 12-2 at 40-43, but Green insists that the hypothetical he used was flawed. Doc. 17 at

12-13. The Commissioner reminds (doc. 18 at 15-16) that the ALJ is not required to include impairments in the hypothetical that the ALJ has properly found to be unsupported. *Crawford*, 363 F.3d at 1161. The Court need not reach that issue in light of its affirmance on the preceding steps. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n. 2 (11th Cir. 1990) (no VE vocational testimony necessary where ALJ concludes claimant can perform past work).

Green insists that "[l]ittle or no weight should have been given to the opinion of the consulting physician[,]" Dr. Sidney Morgan. Doc. 17 at 10. The ALJ properly adopted Morgan's opinion because it is well-supported by his clinical findings on exam as well as by the rest of Green's treatment records, which the ALJ discussed in his decision. Doc. 12-2 at 17. For that matter, the ALJ noted that Morgan's opinion is consistent with the opinions of state agency physicians Dr. Charles E. Bailey and Dr. Marvin Bittinger that plaintiff's impairments are not "severe." Doc. 12-2 at 17; doc. 12-8 at 88 (Bailey finding); doc. 12-8 at 91 (Bittinger finding). The ALJ was entitled to credit those sources. *See* 20 C.F.R. § 416.927(e)(2)(i) (state agency physicians are highly qualified physicians who are also experts in Social Security disability

evaluation); SSR 96–6p, 1996 WL 374180 (Jul. 2, 1996) (state agency physicians are experts in disability claims); *Edwards v. Sullivan*, 937 F.2d 580, 5854(11th Cir. 1991) (the ALJ may rely on a non-examining physician's opinion if it does not contradict the examining physician's medical findings or test results in the medical report); *Underwood v. Comm'r of Soc. Sec.* 2013 WL 1748050 at * 7 (M.D. Fla. Apr. 4, 2013).

Morgan's opinion is also consistent with the opinion of P.A. Anthony Allen, from January 30, 2011, that Green only needed to remain out of work for two days after he treated her for acute pancreatitis and a urinary tract infection. Doc. 12-8 at 163. Conversely, she cites no physician opinion of record showing she has greater limitations than those found by the ALJ. Adequate record evidence supports the ALJ's decision, as administratively affirmed.

**CONCLUSION**

Accordingly, the Commissioner's decision must be affirmed and plaintiff's case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this _17TH_ day of January, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA